[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 17-10570; 17-11498
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60194-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DAVID ACOSTA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 1, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan David Acosta appeals his total one-year and one-day sentence, imposed above the guideline range, after he pleaded guilty to two counts of receiving a misbranded device and delivery for pay with intent to defraud or mislead, in violation of 21 U.S.C. §§ 331(c), 333(a)(2). On appeal, Acosta argues that his sentence is substantively unreasonable because the district court improperly weighed the factors in 18 U.S.C. § 3553(a).

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

"A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). If the sentence is procedurally sound, we then examine whether the sentence is substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51. The district court must issue a sentence "sufficient, but not greater than necessary, to comply with" the purposes of § 3553(a)(2), which include the need

for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)-(7).

The district court need not explicitly discuss or state all the factors; rather, an acknowledgement that it "has considered the defendant's arguments and the § 3553(a) factors will suffice." *Gonzalez*, 550 F.3d at 1324. We "will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment and has imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id*. (quotations omitted). A district court may attach "great weight" to one factor over another. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). A sentence imposed well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

3

Section § 2B1.1(b)(15) provides for a two-level sentencing enhancement where the offense involves the "conscious or reckless risk of death or serious bodily injury."

The record demonstrates that the district court carefully considered the relevant § 3553(a) factors in determining Acosta's sentence.  The district court's reasoning supports the need for a more substantial sentence that will reflect the seriousness of the offense, promote Acosta's respect for the law, deter him from further criminal conduct, and protect the public from his future crimes.  *See* 18 U.S.C. § 3553(a)(2).  Under the totality of circumstances, Acosta has not met his burden of showing the sentence imposed was substantively unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *Tome*, 611 F.3d at 1378.  Based on the foregoing, the district court did not abuse its discretion and we affirm.  *Gall*, 552 U.S. at 51.

**AFFIRMED.**